IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM MCANINCH,** *et al.*, | **Judge James Graham** |
| | **Magistrate Judge Preston-Deavers** |
| **Plaintiffs,** | |
| | **Case No. C2-09-989** |
| v. | |
| **MONRO MUFFLER BRAKE, INC.,** | |
| **Defendant.** | |

## ORDER

On October 29, 2010, plaintiffs filed a motion for leave to amend their complaint *instanter* in order to, among other things, allege a collective action. (doc. 26). The motion for leave to amend was filed four months after the deadline for such amendments as set in the court's preliminary pretrial order (doc. 11) and approximately one month after plaintiffs filed their motion for class certification (doc. 19). The motion to amend was also filed approximately three weeks after defendants filed their motion for summary judgment (doc. 22). Plaintiffs argue that leave to amend should be granted because justice so requires and defendant will not be prejudiced. Defendant argues plaintiffs cannot meet the standard for good cause under Fed. R. Civ. P. 16 and therefore the motion must be denied.

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Cooke v. AT&T Corp., No. 2:05-cv-374, 2007 U.S. Dist. LEXIS 4325 (S.D. Ohio Jan. 22, 2007). However, when a motion for leave to amend is filed after a deadline as set in a court scheduling order, the motion must be first be analyzed under Rule 16(b) before determining whether the motion satisfies Rule 15(a). Id. After a scheduling order has been

1

issued, Fed. R. Civ. P. 16(b) authorizes the Court to modify that order only upon a "showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." See Id.(citing Fed. R. Civ. P. 16(b), Advisory Committee Notes to 1983 Amendments).

In considering a motion to amend under Fed. R. Civ. P. 16(b), "prejudice to the party not seeking alteration to the scheduling order should be a factor, but the main focus should remain on the moving party's exercise of diligence." Id (citing Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir. 2005)). Good cause may be found where the moving party "has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." Id (citing 3 Moore's Federal Practice, P16.14[1][c] at 16-72.1). Simple carelessness or negligence on the part of the moving party is generally not compatible with a finding of diligence. See, Kallies v. Curascript, Inc., No. 2:08-cv-830, 2009 U.S. Dist. LEXIS 60589 (S.D. Ohio, June 30, 2009) (citations omitted).

Throughout the pretrial proceedings, the plaintiffs have continued to assert the possibility they would move for a collective action if discovery supported such a move. Plaintiffs repeatedly sought the deposition of a defendant representative who could testify as to any corporate-wide policies and practices relating to how the salaried compensation plan worked. The plaintiffs have been diligent in attempting to ascertain the existence of a class before moving to amend their complaint to assert such a collective action. There is no evidence that plaintiffs have been careless or negligent. Moreover, defendants have been on notice for a significant period of time that the plaintiffs intended to pursue a collective action if discovery supported

2

such an amendment to their complaint.  The fact that there may have been delay in moving to amend, int not alone a ground for denying leave to amend.  <u>Dana Corporation v. Blue Cross & Blue Shield Mutual</u>, 900 F.2d 882, 888 (6th Cir. 1990).  Indeed, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice.  <u>United States v. Wood</u>, 877 F.2d 453, 456-57 (6th Cir. 1989)(amendment permitted three weeks before trial).

Accordingly, the court grants the plaintiffs motion for leave to amend the complaint *instanter* (doc. 26).  In so far as the amended complaint deletes all of the plaintiffs' state law claims, that branch of defendant's pending motion for summary judgment is now moot. The court will proceed to consider the defendant's motion for summary judgment on the plaintiffs' FLSA claim as set forth in the amended complaint and as it pertains to the three individually named plaintiffs only.  The briefing schedule set forth in doc. 48 is modified as follows: Plaintiffs shall have until March 10, 2011 in which to file their response and defendants shall have until April 4, 2011.

The court grants defendant's motion to stay ruling on the motion to certify class (doc. 21) pending resolution of the motion for summary judgment.

IT IS SO ORDERED.

                                                S/ James L. Graham
                                                James L. Graham
                                                UNITED STATES DISTRICT JUDGE

Date: Mar. 1, 2011